08-5117-ag (L); 09-0273-ag (Con)
Zhu v. Holder

BIA
McManus, IJ
A 098 355 930

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of December, two thousand nine.

PRESENT:
        DENNIS JACOBS,
                Chief Judge,
        ROGER J. MINER,
        DEBRA ANN LIVINGSTON,
                Circuit Judges.

_____

YU YONG ZHU,
        Petitioner,

        v.                                    08-5117-ag (L);
                                              09-0273-ag (Con)
                                              NAC
ERIC H. HOLDER, JR., ATTORNEY GENERAL,*
        Respondent.

_____

        * Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**         Alexander Kwok-Ho Yu, New York, New York.

**FOR RESPONDENT:**         Tony West, Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; Patrick J. Glen, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yu Yong Zhu, a native and citizen of China, seeks review of a September 18, 2008 order of the BIA reversing the March 22, 2007 decision of Immigration Judge ("IJ") Margaret McManus granting Zhu's application for asylum. *In re Yu Yong Zhu*, No. A 098 355 930 (B.I.A. Sept. 18, 2008), *rev'g* No. A 098 355 930 (Immig. Ct. N.Y. City Mar. 22, 2007). Additionally, Zhu seeks review of a December 19, 2008 order of the BIA denying his motion to reconsider its September 2008 order. *In re Yu Yong Zhu*, No. A 098 355 930 (B.I.A. Dec. 19, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

**I.   Dkt. No. 08-5117-ag (L): The BIA's September 2008 Order**

When the BIA does not adopt the decision of the IJ to

any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the BIA's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. DHS*, 494 F.3d 281, 289 (2d Cir. 2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

As a preliminary matter, we note that Zhu failed to exhaust his claims for withholding of removal and CAT relief by not raising those claims before the BIA. *See Theodoropoulos v. I.N.S.,* 358 F.3d 162, 171 (2d Cir. 2004) ("[A]t least one of the purposes served by the exhaustion requirement contained in § 1252(d) is to ensure that the INS, as the agency responsible for construing and applying the immigration laws and implementing regulations, has had a full opportunity to consider a petitioner's claims before they are submitted for review by a federal court."). Thus, to the extent he raises those claims in this Court, we lack jurisdiction to review his arguments. *See* 8 U.S.C. § 1252(d)(1).

Zhu contends that the BIA erred in finding that he had

3

not established his membership in a particular social group for purposes of asylum eligibility. *See* 8 U.S.C. § 1101(a)(42). He argues that the BIA failed to take into account his prior detention and mistreatment in defining his social group, instead focusing solely on his fear of future persecution.

First, the BIA clearly considered Zhu's past experience in its decision, noting that Zhu "was previously detained and beaten by Chinese authorities when he was returned after a failed smuggling attempt in September 1999." *Cf. Vumi v. Gonzales*, 502 F.3d 150, 155 (2d Cir. 2007) (remanding because the agency failed to consider petitioner's claim that family members can constitute a particular social group). Second, a social group cannot be defined exclusively by the fact that its members have been subject to past harm. *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007); *see also Koudriachova v. Gonzales*, 490 F.3d 255, 261 (2d Cir. 2007) ("[N]ot all applicants who can point to membership in some group united by a shared past experience will qualify for asylum."). Therefore, the BIA did not err in denying Zhu's application for asylum. *Manzur*, 494 F.3d at 289.

## II. Dkt. No. 09-0273-ag (Con): The BIA's December 2008 Order

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233-34 (internal quotation marks omitted); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001).

The BIA did not abuse its discretion in denying Zhu's motion to reconsider. Although Zhu argues that in defining his social group the BIA erred by focusing solely on his fear of future persecution and ignoring evidence of his prior detention and mistreatment at the hands of the Chinese government, the BIA stated in its decision that it defined the group as "those persons who have already been punished for a prior departure and now face forcible return after a subsequent illegal departure." The BIA supported its

5

decision with a rational and reasoned analysis, finding that Zhu still failed to establish eligibility for asylum because: (1) the group lacked the required "social visibility"; (2) members did not share a "common, immutable characteristic"; and (3) the mistreatment Zhu feared did not rise to the level of persecution. Therefore, the BIA did not abuse its discretion in denying Zhu's motion to reconsider. *Ke Zhen Zhao*, 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____